UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY L. EZELL,

                Plaintiff,

    v.

SHAWNA MCCANN,

                Defendant.

CASE NO. 2:25-cv-2192-BJR-DWC

**ORDER ADOPTING REPORT AND RECOMMENDATION**

## I.    INTRODUCTION

Plaintiff Terry L. Ezell, proceeding *pro se*, filed the underlying civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's claims arise from a federal drug trafficking investigation and search of his residence in April 2021, which led to his arrest and conviction.

This matter comes before the Court on the Report and Recommendation ("R&R") of U.S. Magistrate Judge David W. Christel, Dkt. No. 4, which recommends dismissal of this action pursuant to 28 U.S.C. §§1915(e) and 1915A, and denial of Plaintiff's application to proceed *in forma pauperis* ("IFP"). Plaintiff objects to the R&R.[1]

---

[1] The Court construes Plaintiff's "Motion for Reconsideration," Dkt. No. 5, as objections to the R&R.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

The Court, having reviewed the R&R, objections thereto, the remaining record, and the relevant legal authorities, hereby adopts the R&R, dismisses this case without prejudice, and denies Plaintiff's application to proceed IFP. The reasoning for the Court's decision follows.

## II.    BACKGROUND

As explained by the magistrate judge, Plaintiff is a federal prisoner currently confined at the Federal Detention Center - SeaTac. R&R at 1. In 2008, Plaintiff was convicted in this district on charges of possessing cocaine base with intent to distribute and being a felon in possession of a firearm. *Id.* at 3. He was sentenced to a term of 262 months incarceration and five years of supervised release. *Id.* at 3-4. In 2019, Plaintiff was resentenced pursuant to the First Step Act[2] to time served and a five-year term of supervised release. *Id.* at 4.

In April 2021, Plaintiff was charged with violating certain conditions of his supervised release in *Ezell I*, 2:05-cr-273. *Id.* Around that same time, Plaintiff was also charged in a new criminal case—*Ezell II*, 2:21-cr-062—with unlawfully possessing a firearm. *Id.*

In 2022, following a superseding indictment in *Ezell II*, Plaintiff was sentenced in that case to a term of 70-months confinement and three years of supervised release for one count of being a felon in possession of a firearm in October 2020. *Id.* Also in 2022, Plaintiff admitted guilt to five violations of the conditions of his supervised release in *Ezell I*, including, notably, being a felon in possession of a firearm on April 7, 2021. *Id.* at 5. Plaintiff was sentenced to a term of 51 months for the supervised release violations, and the Court directed that the 51-month term be served consecutive to the custodial sentence imposed in *Ezell II*. *Id.*

---

[2] The First Step Act authorizes district courts to reduce the prison sentences of defendants convicted of certain offenses involving crack cocaine. *Concepcion v. United States*, 597 U.S. 481, 486 (2022).

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

In 2024, following an appeal to the Ninth Circuit, Plaintiff was resentenced in *Ezell I* to 24 months of custody to be served consecutive to the 70-month term imposed in *Ezell II*. *Id.*

In the instant proposed complaint, Plaintiff contends that the April 7, 2021 search of his residence that led to his arrest was unlawful. Compl., Dkt. No. 1-1. Plaintiff further asserts that Defendant Shawna McCann, a Special Agent with the Federal Bureau of Investigation, provided false and misleading statements to obtain the relevant search warrant. *Id.*

Plaintiff previously pursued claims arising from these same allegations in two civil actions: *Ezell v. McCann*, Case No. 2:23-cv-729 (W.D. Wash.) and *Ezell v. McCann*, Case No. 2:23-cv-1882 (W.D. Wash.). In the former, the Court dismissed Plaintiff's claims without prejudice for failing to serve the defendant. Case No. 2:23-cv-729, Dkt. No. 19. In the latter, a magistrate judge issued an R&R recommending dismissal of the action based on multiple deficiencies. Case No. 2:23-cv-1882, Dkt. No. 17. Before the Court took any action on the R&R, however, Plaintiff voluntarily dismissed the case. *Id.*, Dkt. No. 19.

## III.    STANDARD OF REVIEW

In reviewing the R&R, this Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, a district court is free to adopt those portions of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## IV.    DISCUSSION

In the R&R, Magistrate Judge Christel recommends dismissal of this action without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994), because a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction or sentence. R&R at 6-7. Plaintiff objects

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

that he "is in no way making any challenges to the validity [of] the revocation of his supervised release." Pl.'s Objs. at 2. Rather, Plaintiff contends that his proposed complaint concerns Defendant's "reckless disregard to the Plaintiff's constitutional rights" in preparing and requesting a search warrant for Plaintiff's residence. *Id.* at 1.

In *Heck*, the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. 512 U.S. at 486-87. The "favorable termination rule" articulated in *Heck* provides that, if success on a civil rights claim would necessarily imply the invalidity of a conviction or sentence, it must be brought by way of a petition for a writ of habeas corpus, after exhausting appropriate avenues for relief. *Id.*; *see also Muhammad v. Close*, 540 U.S. 749, 750-51 (2004). The favorable termination rule applies to *Bivens* actions. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

The Court agrees with the magistrate judge's well-reasoned R&R. Plaintiff's proposed complaint makes precisely the type of collateral attack on his sentence that the *Heck* Court feared would undermine finality and consistency in the criminal justice system. *See Heck*, 512 U.S. at 484-87. Although Plaintiff does not purport to challenge the revocation of his supervised release, if Plaintiff were to succeed on his claims, it could be grounds for invalidating the revocation of his supervised release and the related sentence. *See id.* at 486-87. Accordingly, Plaintiff's claims are barred by *Heck*. Furthermore, the Court agrees with the magistrate judge that Plaintiff should not be given leave to amend. *See* R&R at 7. Plaintiff was previously notified of the same deficiencies in his claims. *See* Case No. 2:23-cv-1882, Dkt. No. 17. Additionally, no set of facts could cure the deficiencies at this time.

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

## V.    CONCLUSION

For the foregoing reasons:

A.  The Court adopts the Report and Recommendation (Dkt. No. 4);

B.  This case is dismissed without prejudice;

C.  The application to proceed *in forma pauperis* (Dkt. No. 1) is denied; and

D.  The Clerk is directed to send copies of this Order to Plaintiff and to the Hon. David W. Christel.

**DATED** this 23rd day of January, 2026.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 5